UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

IN RE:                                         )
                                               )
Richard A. Barnes,                             )
                                               )   Bankruptcy Case No. 07-31157
                                               )   Chapter 13
                       Debtor.                 )
                                               )

**MEMORANDUM AND ORDER**

Before the Court is Creditor Brian Gerstner's Motion to File Claim After Claim's Bar Date filed on May 15, 2008. Debtor Richard Barnes did not file a response.

Debtor filed a petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code on December 31, 2007. On January 6, 2008, Notice of Chapter 13 Bankruptcy Case Meeting of Creditors, & Deadlines was filed. Attorney Richard Linnerooth was served notice on behalf of Creditor. In the notice, the meeting of creditors was set for February 12, 2008, and the ninety-day deadline for all creditors to file a Proof of Claim was set for May 12, 2008. Creditor did not file a Proof of Claim. On May 15, 2008, Creditor filed this motion requesting that the Court allow his claim after the claim's bar date.

Creditor argues that notice of this bankruptcy proceeding was not sufficient under the circumstances to give Creditor a reasonable amount of time to file his proof of claim. Creditor states he was not served personally by Debtor in this bankruptcy matter, but rather, Debtor served notice on Creditor's attorney from a previous state court matter, Richard Linnerooth. Creditor asserts that Mr. Linnerooth was only his attorney in a state court matter, and is not his attorney in this bankruptcy case.

I. Notice

The first issue before the Court is whether Creditor received sufficient and proper notice of Debtor's Chapter 13 bankruptcy filing when Debtor served Creditor's attorney from a prior state court proceeding.

All debtors are required to file a list of creditors and their addresses and a schedule of liabilities. 11 U.S.C.A. § 521(1) (West 2004); Fed. R. Bankr. P. 1007(a). "The purpose of requiring a debtor to list creditors with their proper mailing addresses is to afford those creditors basic due process notice." In re O'Shaughnessy, 252 B.R. 722, 729 (Bankr. N.D. Ill. 2000) (quoting In re Glenwood Med. Group, Ltd., 211 B.R. 282, 285 (Bankr. N.D. Ill. 1997)). Constitutional due process requires proper notice. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950). The Supreme Court has defined reasonable notice as "notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314. The burden is on the debtor to insure that all creditors have been properly served. In re Avery, 134 B.R. 447, 448 (Bankr. N.D. Ga. 1991). The Court must determine whether notice was fair and reasonable under the circumstances. In re Daniel, 107 B.R. 798, 801 (Bankr. N.D. Ga. 1989).

The general rule is that notice to or knowledge of an agent may be imputed to the principal in certain situations. Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 457 (6th Cir. 1982). Notice or knowledge is imputed where the agent is acting within the scope of his authority and the knowledge pertains to matters within the scope of the agent's authority. Curtis, Collins & Holbrook Co. v. United States, 262 U.S. 215 (1923); Anderson v. General American Life Ins. Co., 141 F.2d 898 (6th Cir.), cert. denied, 323 U.S. 798 (1944). Generally, a debtor may

schedule a creditor in care of the creditor's attorney for the purpose of providing notice of the case, provided that the attorney is the creditor's agent in matters related to the bankruptcy case. Chanute Prod. Credit Ass'n v. Schicke (In re Schicke), 290 B.R. 792, 801 (B.A.P. 10th Cir. 2003). Such notice is imputed to the client. Id. However, there are exceptions to this general rule. Bankruptcy courts have found that an attorney who has represented a creditor in a state court proceeding does not, by virtue of that relationship alone, represent that creditor with respect to the same debt in bankruptcy court. In re Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985); Ford Motor Credit Co. v. Weaver, 680 F.2d at 457; Lubeck v. Littlefield's Restaurant Corporation (In re Fauchier), 71 B.R. 212, 215 (B.A.P. 9th Cir. 1987); In re Harbaugh, 2003 B.R. LEXIS 423 (Bankr. N.D. Iowa 2003); Poole v. U.B. Vehicle Leasing, Inc. (In re Poole), 242 B.R. 104, 111 (Bankr. N.D. Ga. 1999); In re Porter, 16 B.R. 229, 233 (Bankr. Mass. 1981); In re Robertson, 13 B.R.726, 733 (Bankr. E.Va. 1981). In most of the cases where an agent's knowledge of bankruptcy proceedings is imputed to a creditor, the agent is an attorney who has been authorized either to collect the balance due on a defaulted debt or to represent the creditor in bankruptcy proceedings. Ford Motor Credit Co. v. Weaver, 680 F.2d at 457.

     Reviewing the circumstance of this case, Creditor resides in Brookings, South Dakota, and was not personally served of the bankruptcy proceedings. Rather, Debtor served Creditor's attorney from a previous state court proceeding in Fargo, North Dakota. The record is unclear whether that attorney was Creditor's agent for debt collection of the state court judgment. The Court agrees with Creditor that although Mr. Linnerooth represented Creditor in a state court proceeding, he is not deemed to represent Creditor in this bankruptcy proceeding by virtue of their prior relationship alone. Further, Debtor has offered no response to Creditor's claim of

3

insufficient notice. Therefore, the Court finds that Creditor did not receive proper and sufficient notice of the chapter 13 bankruptcy filing.

II. Claim Allowance

The second issue before this Court is whether a creditor who has not received proper notice of a Chapter 13 bankruptcy filing should be permitted to file a late proof of claim.

Federal Rule of Bankruptcy Procedure 3002 states that a creditor in a chapter 13 proceeding is required to file a proof of claim within 90 days after the first date set for the meeting of creditors. Federal Rule of Bankruptcy Procedure 9006(b)(3) governs enlargements and expressly limits the court's authority to extend the time period for filing proofs of claim under Rule 3002(c). Rule 3002(c) provides for enlargement in very limited circumstances.

Creditor argues that the Court has the authority to allow him to file his claim after the claim's bar date under the exception stated under Rule 3002(c)(6). Rule 3002(c)(6) specifies:

> If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Creditor argues his claim should be allowed for lack of sufficient notice under Rule 3002(c)(6), but The Advisory Committee Note immediately following Rule 3002(c)(6) specifically states that paragraph (6) is only operative in a chapter 7 case.

Bankruptcy courts are split on whether a creditor who has received no notice in a Chapter 13 case should be entitled to file a late proof of claim notwithstanding the provisions of Bankruptcy Rules 3002(c) and 9006(b). The court in In re Anderson recognized that some courts have read the Rule 3002 time limitation on filing claims strictly, without allowances for

4

equitable considerations, even when a creditor has not received proper notice of a bankruptcy. 159 B.R. 830, 837 (Bankr. N.D. Ill. 1993) (citing In re International Resorts, Inc., 74 B.R. 428, 429 (Bankr. N.D. Ala. 1987) ; In re Chirillo, 84 B.R. 120, 122 (Bankr. N.D. 1988); In re Good News Publishers, Inc., 33 B.R. 125, 126 (M.D. Tenn. 1983)). The court in In re Anderson declined to follow those decisions. However, the majority of those courts has recognized, on separate theories, the authority of the bankruptcy court to allow late claims when adequate notice of the bankruptcy proceeding is not provided to allow the filing of timely claims. Id. Other courts, however, have allowed late filed claims, based upon equitable factors when a creditor has not received proper notice of the bankruptcy. Id. Those opinions were decided on due process grounds, provided that the creditor filed its claim immediately upon learning of the bankruptcy. Id. (citing Cardinal Mine Supply, 916 F.2d 1087, 1089 (6th Cir. 1990); In re Coastal Alaska Lines, Inc., 920 F.2d 1428, 1430 (9th Cir. 1990)). Several cases have held that due process requires allowance of late filed claims when a creditor is provided with inadequate notice of the bankruptcy and bar date in chapter 11 and chapter 13 cases. In re Cole, 146 B.R. 837, 841 (Bankr. D. Col. 1992); In re Remington Rand Corp., 836 F.2d 825 (3d Cir. 1988); Reliable Elec. Co. v. Olson Constr. Co., 726 F.2d 620, 623 (10th Cir. 1984); In re Martinez, 51 B.R. 944, 947 (Bankr. D. Colo. 1985) (Chapter 13 case); In re Barnett, 42 B.R.. 254 (Bankr. S.D.N.Y. 1984). The Cole opinion reasoned:

> Section 501 gives scant protection to a creditor who fails to file a proof of claim because it was deprived of notice . . . Unlike other Code chapters, no back door provisions under Chapter 13 otherwise allow the creditor with no notice to participate in distributions. For these reasons, a creditor who has received no notice in a Chapter 13 case should be entitled to file a late proof of claim notwithstanding the provisions of Bankruptcy Rules 3002(c) and 9006(b).

Id. at 841.

5

This Court agrees with the foregoing cases, and that Creditor was not afforded basic due process because of the insufficient notice of the Chapter 13 proceedings. Mailing notice to Creditor's attorney in a prior state court proceeding located in a different state than Creditor is not proper notice. Further, Debtor has offered no objection to Creditor's motion to file his claim. Having considered all filings and circumstances in this matter, notice to Creditor's previous attorney is not deemed proper and sufficient notice of the bankruptcy filing. Based on due process grounds, Creditor's Motion to file his claim after the claim's bar date is in all things GRANTED. Therefore, Creditor Brian Gerstner shall be permitted to file his proof of claim.

**SO ORDERED.**

Dated this 10th day of June, 2008.

**WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT**